**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOE D. SHOFNER,

       Plaintiff,

v.                                                                          No. CIV 07-1137 MV/ACT

RONALD C. TORRES,
JOHN DANTIS,
THADDEUS LUCERO,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis ("IFP"). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been subjected to overcrowding and improper lockdowns at the detention facility, served cold food, deprived of funds in his inmate account, and denied access to legal assistance. Plaintiff contends that these deprivations amount to constitutional violations. He seeks damages.

No relief is available on Plaintiff's allegations of improper lockdowns and cold food. He alleges that, although published procedure is to begin daily lockdown at 8:00 p.m., for a period of time he was locked down at 7:00 p.m. This hour of extra lockdown time does not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and thus does not support a claim of constitutional violation. Likewise, his allegation that meals are served cold fails to support a claim for relief. *See Martinez v. Villano*, No. 00-1070, 2000 WL 1234841, at \*\*1 (10th Cir. Aug. 31, 2000) (upholding dismissal of a claim that the plaintiff was "forced to eat unpalatable and unwholesome food."). These claims will be dismissed.

Likewise, Plaintiff's allegations of confiscation of funds do not support a claim under § 1983. "Regarding [Plaintiff]'s due process claim, there is no deprivation of property unless the State does not offer an adequate postdeprivation remedy. [Plaintiff] acknowledges that [officers'] actions were in violation of . . . policy. This makes [the officers'] actions the sort of unauthorized or random actions governed by *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). These cases hold that such a deprivation of property is not a due process violation if there is a meaningful

postdeprivation remedy available." *Thomas v. N.M. Corr. Dep't*, No. 06-2224, 2008 WL 1696961, at *2 (10th Cir. Apr. 9, 2008). Here, administrative and state tort remedies are available to Plaintff for the alleged property deprivation, and this claim will be dismissed.

Plaintiff's claim for denial of access to the courts as a result of inadequate legal materials or assistance while he was briefly confined in Texas requires that he "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *See id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege active interference with his preparation and filing of papers, no relief can be granted on this claim.

The complaint names two county managers as Defendants but makes no allegations affirmatively linking them to the various violations at the detention center. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Plaintiff's claims against Defendants Dantis and Lucero will be dismissed.

IT IS THEREFORE ORDERED that the previously ordered initial partial payment is

WAIVED; Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims for lockdowns, cold food, deprivation of funds, and denial of access to legal assistance are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Dantis and Lucero are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

IT IS FINALLY ORDERED that the Clerk is directed to issue notice and waiver forms, with a copy of the complaint, for Defendant Torres on Plaintiff's overcrowding claims.

_____
UNITED STATES DISTRICT JUDGE

4